WILLIAM M°CR W,
ATT RNEY GER L,

SCOTT GAINES,
FIRST ASSISTANT

BOB GROBE,
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS,
CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON'COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. S. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHESO. WALKER



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 13, 1939

Mr. W. B. Lane
County Auditor, Dimmit County
Carizzo Springs, Texas

Dear Mr. Lane:

Opinion No. O-96
Re:  Power of Commissioners' Court
to appoint special auditor in
counties of less than 35,000
population

Your letter of January 12, 1939, requests an opinion
from this Department on the following questions:

"1.  Does the Commissioners' Court of a county
of less than 25,000 population according to the last
United States Federal census have the authority to
employ a special auditor or auditors for the purposes
specified in Articles 1645, 1646 and 1646a without
obtaining the approval or permission of the County
Judge or the District Judge?

2.  In the event you answer to the above in
the affirmative, is it necessary that the above
mentioned auditor or auditors be a resident of the
county in which he is appointed?"

Articles 1645 and 1646 deal strictly with the ap-
pointment of a regular county auditor.  Article 1645 deals
with the appointment of a county auditor in a county having
a population of 35,000 or over, according to the last Federal
census or having a tax valuation of fifteen million dollars
or over.  Article 1646 provides for the appointment of an
auditor in a county having a population of less than 35,000
and provides that for good cause shown, the Commissioners'
Court can enter an order upon the Minutes of said court and
can cause said order to be certified to the District Judges

having jurisdiction in the county and such District Judges shall, if such reason be considered good and sufficient, appoint a county auditor in line with the method prescribed by Article 1647.

The questions propounded by you clearly remove the necessity for a consideration of Articles 1645, 1646 and 1647, and it is apparent that the purpose of your inquiry is to determine whether or not a Commissioners Court in a county of less than 25,000 inhabitants has the authority to appoint a special auditor. This being so, your situation is to be controlled by Articles 1641 and 1646a of the Revised Civil Statutes of Texas.

To arrive at a clear understanding of Articles 1641 and 1646a, it will be necessary to review the history of such articles. By Chapter 80, Acts of the Regular Session of the 38th Legislature, Articles 1459a and 1459b were added to the Revised Civil Statutes of 1911. These articles were brought forward in the Revised Civil Statutes of 1925 as Article 1641.

By Chapter 67, Acts of the Regular Session of the 39th Legislature, Article 1459c was added to the Revised Civil Statutes of 1911. This Article reads as follows:

"The Commissioners' Court of any county under 25,000 population according to the last United States census may make an arrangement or agreement with one or more other counties whereby all counties, parties to the arrangement or agreement, may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1459a and 1459b. The County Commissioners' Court of every county effected by this article may have an audit made of all of the books of the county or any of them at any time they may desire, whether such arrangements can be made with other counties or not; provided the District Judge or Grand Jury may order said audit if either so desires."

This article has been brought forward as Article 1646a. This article now provides that "... may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1645 and 1646." This is, no doubt, an erroneous reference as to article numbers, for in the original Article 1459c of the Revised Civil Statutes of 1911, it was provided that: "... may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1459a and 1459b, which articles compose the present Article 1641. This being true, Article 1646a of our present statutes should pro-

vide that the Commissioners Court "... may jointly employ and
compensate a special auditor or auditors for the purposes speci-
fied in Article 1641."

Article 1641 of the Revised Civil Statutes of 1925
reads as follows:

"Any commissioners court, when in its judgment an
imperative public necessity exists therefor, shall have
authority to employ a disinterested, competent and ex-
pert public accountant to audit all or any part of the
books, records, or accounts of the county; or of any
district, county or precinct officers, agents or em-
ployes, including auditors of the counties, and all gov-
ernmental units of the county, hospitals, farms and
other institutions of the county kept and maintained
at public expense, as well as for all matters relat-
ing to or affecting the fiscal affairs of the county.
The resolution providing for such audit shall recite
the reasons and necessity existing therefor such as
that in the judgment of said court there exists offi-
cial misconduct, willful omission or negligence in re-
cords and reports, misapplication, conversion or re-
tention of public funds, failure in keeping accounts,
making reports and accounting for public funds by any
officer, agent or employe of the district, county or
precinct, including depositories, hospitals, and other
public institutions maintained for the public benefit,
and at public expense; or that in the judgment of the
court, it is necessary that it have the information
sought to enable it to determine and fix proper appro-
priation and expenditure of public moneys, and to as-
certain and fix a just and proper tax levy. The said
resolution may be presented in writing at any regular
or called session of the commissioners court, but shall
lie over to the next regular term of said court, and
shall be published in one issue of a newspaper of
general circulation published in the county; provided
if there be no such newspaper published in the county,
then notice thereof shall be posted in three public
places in said county, one of which shall be at the
court house door, for at least ten days prior to its
adoption. At such next regular term said resolution
shall be adopted by a majority vote of the four com-
missioners of the court and approved by the county
judge. Any contract entered into by said commissioners
court for the audit provided herein shall be made in
accordance with the statutes applicable to the letting
of contracts by said court, payment for which may be
made out of the public funds of the county in accord-
ance with said statutes. The authority conferred on
county auditors contained in this title as well as other
provisions of statutes relating to district, county and

precinct finances and accounts thereof shall be
held subordinate to the powers given herein to the
commissioners' court."

Thus it can be seen that Articles 1641 and 1646a of
the Revised Civil Statutes of 1925 deal with the right of the
Commissioners Court to provide for an audit by an accountant
or a special auditor.

Bearing in mind that the present Article 1641, com-
posed as it is of Articles 1459a and 1459b of the Revised Civil
Statutes of 1911, was passed by the 38th Legislature at its
regular Session and the present Article 1646a, formerly Arti-
cle 1459c of the Revised Civil Statutes of 1911, was passed by
the regular session of the 39th Legislature, it is logical to
assume that such article 1646a must be construed as a liberal-
ization statute. This opinion is expressed by Judge Jackson
of the Amarillo Court of Civil Appeals in the case of Cochran
County vs. West Audit Company, reported in 10 S. W. (2) 229.
The Court says:

"Under Article 1646a we are inclined to the
view that the Commissioners' Court of Cochran County
would be authorized to employ an auditor without a
rigid compliance with Article 1641."

The writer is lead to the opinion that the Legislature
in the passage of Article 1646a had no intention or desire to re-
peal Article 1641 or any part thereof, but rather to liberalize
the compliance with Article 1641 if events and circumstances
justify the Commissioners' Court in acting in such a manner as
to dispense with the strict requirements of Article 1641.

You are, therefore, respectfully advised that it is
the opinion of this Department that a Commissioners' Court of
a county of less than 25,000 population, according to the last
United States Federal census, has the authority to employ a
special auditor or auditors without obtaining the approval
or permission of the County Judge.

Article 1641 specifically provides that the action
of the Commissioners' Court must be by a majority of the four
members of the Commissioners' Court and approved by the County
Judge. This provision is not contained, however, in Article
1646a, nor does Article 1646a require the approval of the
District Judge. It merely provides that in the event the Com-
missioners' Court does not appoint a special auditor that the
District Judge or the Grand Jury may order such audit if either
desires that the same be had.

You are further advised that it is the opinion of this Department that it is not necessary that the special auditor provided for by Article 1646a be a resident of the county in which he is appointed.

Trusting that this satisfactorily answers your inquiry, I am

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Assistant

LA:BT

APPROVED:

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS